Filed 5/11/16  P. v. Hailey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C079946 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF134456) |
| v. | |
| DONALD JAMES HAILEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Donald James Hailey has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## I.  BACKGROUND

In October 2013, defendant punched and kicked his wife after she confronted him with her suspicion that he was being unfaithful.  On April 7, 2014, defendant pleaded no contest to inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)), admitted he had a prior strike conviction (Pen. Code, § 667, subds. (c) & (e)), and admitted he had served eight prior prison terms (Pen. Code, § 667.5, subd. (b)).  The trial court dismissed the prior strike conviction in the interests of justice.  (Pen. Code, § 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)

On May 5, 2014, the trial court sentenced defendant to the middle term of three years for corporal injury on a spouse, plus eight consecutive one-year terms for the prior prison terms, for an aggregate term of 11 years in state prison.  The trial court then suspended execution of sentence and placed defendant on formal probation for five years on the condition, inter alia, that he successfully complete a 52-week batterers intervention program, perform 90 hours of community service through a California nonprofit public benefit incorporation or charitable corporation, and report to the probation officer at the times and in the manner directed.

A petition for revocation of probation was filed on or about June 12, 2014, alleging defendant had violated probation by being terminated from a batterer's intervention program.  Defendant presented proof of enrollment in the MANALIVE domestic violence class and the trial court reinstated his probation.

A second petition for revocation of probation was filed on May 20, 2015.  The petition alleged defendant had violated probation by failing to report to his probation officer.

A contested hearing took place on August 3, 2015.  Defendant's probation officer, Susan Hutty, testified that she had informed him if he ever became homeless, he would

2

have to appear at her office every Monday. During the last week of April 2015, defendant informed her he was homeless. Probation Officer Hutty told him to appear at her office the following Monday, as previously instructed, but he did not appear. The probation officer made several failed attempts to telephone defendant. After defendant missed his previously scheduled May 18, 2015, appointment, the probation officer tried to reach him through his anger management class but learned from the instructor that he had also missed his anger management class. Defendant finally called her on May 27, 2015. She told him to come to her office the next day whereupon he was arrested. The probation officer testified that defendant had also been referred to the MANALIVE domestic violence program in June 2014 and again in February 2015, but he failed to attend.

Defendant testified that he did not recall being told he was supposed to report to the probation office weekly if he became homeless and did not recall having to report on May 18, 2015. He also testified that he lost his cell phone during the first week of May, but had obtained a new one that could be reached using the same number. He stated he had initially attended the MANALIVE program (commencing around June or July 2014) but stopped going after 10 classes (approximately three months) because he could not afford it. He did not, however, tell anyone that he had stopped going until November 2014, nor did he provide anyone with proof of his attendance. He was referred to a less expensive class in April 2015, which was the class he missed on May 16, 2015. He had tried to take a makeup class on May 18, 2015, but had trouble finding the class. Finally, defendant testified that he had provided free labor for a boarding house on the belief the boarding house was a nonprofit agency and the work would fulfill his community service requirements. He performed this work for three months but lost the piece of paper reflecting his hours worked.

The trial court found defendant had violated the terms of his probation by failing to report to his probation officer. Considering defendant also failed to attend the requisite

domestic violence classes and failed to perform his community service, the trial court declined to reinstate him on probation. Probation was terminated and the trial court ordered execution of the previously suspended 11-year term. It also ordered defendant to pay various fines and fees, and awarded defendant with 512 days of presentence custody credit. Defendant appeals.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## II.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

NICHOLSON, Acting P. J.

/S/

_____

MURRAY, J.

4